# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| SYVENO JEWELL WRIGHT, | |
| Plaintiff, | No. C18-4098-LTS |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| MARY BENSON, | |
| Defendant. | |

This matter is before me on a pro se 42 U.S.C. § 1983 complaint (Doc. 1-1) filed by plaintiff Syveno Wright, along with a motion to proceed in forma pauperis (Doc. 1).

## I.     MOTION TO PROCEED IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 action is $402.[1] The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other court costs. 28 U.S.C. § 1915(a)(1).[2] Accordingly, plaintiffs who apply for and receive in forma pauperis status may file their cases for free. However, under the Prison Litigation Reform Act (PLRA), prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . ." 28 U.S.C.

---

[1] The § 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52 . . ..").

[2] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006) (citing, *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997)).

§ 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. *Id*.

Wright is a patient confined to the Civil Commitment Unit for Sexual Offenders (CCUSO) located in Cherokee, Iowa. CCUSO is not a prison facility. Instead, it "provides a secure, long-term, and highly-structured setting to treat sexually violent predators who have served their prison terms, but who, in a separate civil trial, have been found likely to commit further violent sexual offenses."[3] Thus, the Iowa Code specifies that the persons confined at CCUSO are not prisoners, but civilly-committed patients who suffer from a "mental abnormality." Iowa Code Ch. 229A (generally); Iowa Code § 229A.2(11). Numerous courts have considered the question of whether a patient committed to a state hospital is a prisoner under 28 U.S.C. § 1915. The Eighth Circuit Court of Appeals has held that civilly-committed individuals are not prisoners and, therefore, are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001). Other courts have reached the same conclusion. *See Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir. 2006), *cert. denied*, *Michau v. Charleston County, S.C.*, 126 S. Ct. 2936 (2006), stating:

> However, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. … *see also Kansas v. Hendricks*, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. *See … Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

---

[3] *Civil Commitment Unit for Sexual Offenders*, Iowa Department of Human Resources, http://dhs.iowa.gov/mhds/mental/in-patient/ccuso (March 20, 2021).

*id*. at 727-28 (some internal citations omitted.); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) ("We agree with *Page, Kolocotronis*, and the other opinions that have held the PLRA's straightforward definition of "prisoner" to apply only to persons incarcerated as punishment for a criminal conviction."); *Merryfield v. Jordan*, 584 F.3d 923, 927 (10th Cir. 2009) ("Accordingly, we hold that the fee payment provisions of § 1915 applicable to a 'prisoner,' as defined by § 1915(h), do not apply to those civilly committed under the KSVPA."). Based on those cases, the prisoner pay schedule contained in the PLRA is not applicable to cases brought by CCUSO patients. If a civilly-committed plaintiff is entitled to in forma pauperis status, that plaintiff may proceed without the payment of fees.

To qualify for in forma pauperis status, a non-prisoner plaintiff must provide an affidavit containing: (1) a statement of the nature of the action, (2) a statement that plaintiff is entitled to redress, (3) a statement of the assets plaintiff possesses, and (4) a statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). After considering Wright's motion (Doc. 1), I find that he has substantially complied with the requirements set out above and that his motion should be **granted**. The Clerk's office is directed to file the complaint (Doc. 1-1) without the payment of fees.

## II.     *INITIAL REVIEW STANDARD*

Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither § 1915 nor § 1915A explicitly authorizes the court to conduct an initial review in non-prisoner cases. *Johnson v.*

*Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). However, § 1915 states that a court may dismiss, at any time, an in forma pauperis case that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment.. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Many courts, including this court, rely on § 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state a claim.

In forma pauperis complaints must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under § 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2)). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *see id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## III. ANALYSIS

### A. Standards

#### 1. 42 U.S.C. § 1983

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Wright's claim is that defendant Mary Benson, a former nurse practitioner at CCUSO, failed to treat his diabetes, which resulted in him having a diabetic attack. Wright alleges that when he presented to Benson with diabetic symptoms, Benson said "he's just faking it" "take him back upstairs to his unit." Doc. 1-1 at 2. Wright alleges that because of Benson's refusal to diagnose and treat his diabetic attack, his body shut down and he had to be transported to an intensive care unit.

An inadequate medical care claim is governed by the Eighth Amendment deliberate-indifference standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id.* at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

*Id.* at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

To establish an official's deliberate indifference to a serious medical need, a plaintiff must demonstrate: (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020). As noted, to establish

such a violation, plaintiff must demonstrate both an objective and subjective component. *Coleman*, 114 F.3d at 784. An imperative prerequisite to success on this claim is that the officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This showing requires a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon,* 454 F.3d at 862. The result of that requirement is the necessary implication that negligent failure to diagnose and negligent treatment are insufficient to support a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

Initially, Wright seems to have alleged a claim for deliberate indifference sufficient to survive summary initial review. However, Wright requests only injunctive relief:

> I want this court system to take the initial steps to prevent future abuses by (CCUSO a subdivision of) DHS under the punitive 229A Law, [that is techniquely branded treatment, yet doesn't allow progress very rapidly or believably, to allow individuals to have any chance of getting out.] that allowed me to be permanently effected by Type II. Diabetes. It could have been prevented or at least recommendations made to help me avoid getting it. Defendant Benson failed to do even that. I want permanent injunctive relief to prevent this type of medical treatment abuse.

Doc. 1-1 at 3. Wright's claim fails for at least two reasons. First, Wright's allegation is that a particular person failed to provide him medical treatment, but his request for relief is that the state of Iowa and CCUSO provide a different type of treatment. As other courts have noted:

> the allegations in Plaintiff's motion for injunctive relief are entirely different from those made in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (injunctive relief denied when request was based on allegations entirely different from the claim raised and relief requested

7

in the complaint). Although the allegations in Plaintiff's motion for injunctive relief may provide the basis for another lawsuit, they are insufficient to warrant injunctive relief here. Accordingly, the motion should be denied.

*Logan v. May*, No. 2:12CV00007 JMM/HDY, 2012 WL 1415504, at *2 (E.D. Ark. Apr. 9, 2012), *report and recommendation adopted*, No. 2:12CV00007 JMM/HDY, 2012 WL 1415498 (E.D. Ark. Apr. 24, 2012). Because Wright's claim (Benson failed to treat his diabetes on a particular occasion) is different from what he requests as relief (that CCUSO change its procedures generally), it is not a claim for which relief can granted. *See also Matez v. Foley*, No. 2:17-CV-134-Z, 2020 WL 2926464, at *3 (N.D. Tex. June 3, 2020) (detained individual brought a § 1983 complaint for injunctive and declaratory relief; the court denied it because, "[n]otwithstanding any potential merit to the factual accuracy of this claim, it is firmly established that past exposure to illegal conduct—without any current, continuing adverse effects—is insufficient to establish a case or controversy under Article III with respect to injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).")

Second, the only defendant Wright lists is Benson, who, by his own admission, no longer works at CCUSO and thus has no power to implement any injunctive relief. As such, Wright's requested relief cannot be granted. *See Randolph v. Rodgers*, 253 F.3d 342, 345–46 (8th Cir. 2001) (holding that prisoner's claims against defendants employed by his former correctional facility moot because "[t]he actions required by an injunction would be impossible for those … defendants to execute...").

## IV. CONCLUSION

For the reasons set forth herein:
1. Wright's motion to proceed in forma pauperis (Doc. 1) is **granted**.
2. The Clerk's office shall file the complaint (Doc. 1-1) without the payment of fees.

3. After an initial review, plaintiff's claim is **denied** for the reasons set out above. This case is hereby **dismissed**.
4. The Clerk's office is directed to send a copy of this order to the Iowa Attorney General's Office.

**IT IS SO ORDERED.**

**DATED** this 7th day of July, 2021.

Leonard T. Strand, Chief Judge